913 A.2d 821

NEW JERSEY CITIZENS UNITED RECIPROCAL EXCHANGE, PLAINTIFF–RESPONDENT, v. AMERICAN INTERNATIONAL INSURANCE COMPANY OF NEW JERSEY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 2006—Decided December 27, 2006.

Before Judges COBURN, R.B. COLEMAN and GILROY.

*JoAnn Katzban* argued the cause for appellant (*Garrity, Graham, Favetta & Flinn,* attorneys for respondent; *Ms. Katzban,* on the brief).

*Brian Corrigan* argued the cause for respondent (*Corrigan & Deer*, attorneys; *Mr. Corrigan*, on the brief).

The opinion of the court was delivered by

GILROY, J.A.D.

Plaintiff, New Jersey Citizens United Reciprocal Exchange (NJ CURE), filed a declaratory judgment action, seeking to recover 50% of the underinsured motorist (UIM) benefits that it had paid to its insured, asserting that defendant, American International Insurance Company of New Jersey (AIIC), had failed to properly notify its policyholders of a change in UIM coverage. AIIC appeals from the November 10, 2005 order of the Law Division, entering judgment in favor of NJ CURE in the amount of $42,500. The issue presented is which party has the burden of persuasion of establishing that an insurer did or did not provide reasonable notice to its insured of a change in UIM coverage when the claimant is someone other than the named insured. Because we conclude that the burden of persuasion rests with the claimant, we reverse.

We briefly state the combined procedural history and facts. On August 23, 2000, Maureen Globis was involved in an automobile accident while operating a motor vehicle owned by Josephine Saelg and insured by AIIC. The AIIC policy provided first-party UIM coverage in the amounts of $100,000 per person and $300,000 per accident. The accident occurred when Globis' vehicle collided with a vehicle operated by tortfeasor, Kathleen A. Welch. The tortfeasor's motor vehicle was insured for liability coverage with limits of $15,000 per person and $30,000 per accident.

At time of the accident, Globis was the named insured under an automobile insurance policy issued by NJ CURE that provided UIM coverage in the amounts of $100,000 per person and $300,000 per accident. Globis settled her personal injury claim with the tortfeasor for $15,000 and received $85,000 in UIM benefits from NJ CURE. NJ CURE, as subrogee of Globis, made a demand on AIIC for 50% of the UIM benefits paid ($42,500). AIIC denied

the claim, asserting that its policy contained a step-down provision for any insured who was not a named insured or resident family member under the policy, reducing the limits of UIM coverage to $15,000 per person and $30,000 per accident, the same as the tortfeasor's policy; therefore, the tortfeasor's motor vehicle was not underinsured.

On July 15, 2004, NJ CURE filed its complaint seeking a declaration that AIIC was obligated to reimburse NJ CURE for 50% of the UIM benefits paid to Globis, asserting that the step-down provision in the AIIC policy was void because it rendered the UIM coverage illusionary and violated public policy. During discovery, AIIC admitted "[b]ut for the 'step-down' clause in the [AIIC] policy [AIIC] would be responsible for $42,500 of the $85,000 paid to Maureen Globis." After the close of discovery, the parties cross-moved for summary judgment with AIIC asserting that the step-down provision barred NJ CURE's claim for reimbursement of UIM benefits; and NJ CURE contending that the step-down provision was not enforceable because AIIC failed to provide proper notice to its insured of a change in coverage by inclusion of the step-down provision. On August 24, 2005, the trial court denied both motions determining that it required additional information concerning whether AIIC properly noticed its insured of changes in the policy pertaining to the step-down provision.

On November 10, 2005, following a bench trial on the papers, the trial court determined that the step-down provision was not enforceable because AIIC had failed to prove it had provided reasonable notice to its insured of the change in its UIM coverage. Accordingly, the trial court entered judgment in favor of NJ CURE in the amount of $42,500, representing 50% of the UIM benefits paid to Globis.

The parties agreed at oral argument that the sole determinative issue is: which party had the burden of proving that AIIC did, or did not, provide reasonable notice to its insured of the change in UIM coverage by inclusion of the step-down provision. NJ CURE contends that the burden of persuasion was on AIIC, citing

*Skeete v. Dorvius*, 184 *N.J.* 5, 875 *A.*2d 859 (2005). AIIC counters that because NJ CURE's subrogation claim could rise no higher than that of Globis, a stranger to the AIIC policy, the burden of persuasion rested with NJ CURE to prove AIIC had failed to provide proper notice to its insured. AIIC asserts the only expectation a third party has with respect to automobile insurance is that the policy will provide the statutory minimum coverages, and if the third party desires additional coverage, then he or she may obtain it through his or her own insurer. AIIC also contends that there was no evidence that the policy in effect on the date of the accident provided any change in UIM coverage from the prior year's policy.

The " '[b]urden of persuasion' means the obligation of a party to meet the requirements of a rule of law that the fact be proved either by a preponderance of the evidence or by clear and convincing evidence or beyond a reasonable doubt, as the case may be." *N.J.R.E.* 101(b)(1). Stated another way, the burden to prove a fact generally rests on the party relying on that fact as an element in establishing his or her cause of action or defense. *Monsen Engineering Co. v. Tami–Githens, Inc.*, 219 *N.J.Super.* 241, 249–50, 530 *A.*2d 313 (App.Div.1987).

"[A]n insurance policy is a contract, and like other contracts, the terms of the policy define the parties' rights and obligations." *Webb v. Witt*, 379 *N.J.Super.* 18, 33, 876 *A.*2d 858 (App.Div.2005). The party asserting a claim for breach of an insurance contract has the burden of persuasion to establish all elements of its cause of action. *Hartford Acc. & Indemn. Co. v. Aetna Life & Cas. Ins. Co.*, 98 *N.J.* 18, 26, 483 *A.*2d 402 (1984); *Cumberland County v. GSP Recycling Co.*, 358 *N.J.Super.* 484, 503, 818 *A.*2d 431 (App.Div.) *certif. denied*, 177 *N.J.* 222, 827 *A.*2d 289 (2003). Although the burden of persuasion "can vary depending upon the type of proceedings, the comparative interests of the parties, the relative litigational strengths or weaknesses of the parties, the access of the parties to proof, and the objectives to be served by the evidence in the context of the particular proceed-

ing," *Romano v. Kimmelman,* 96 *N.J.* 66, 89, 474 *A.*2d 1 (1984), we discern no reason in this matter to part from the general principle, placing the burden of persuasion on NJ CURE. Accordingly, we hold that where a claimant, other than the named insured, seeks to void a step-down provision, asserting that the insurer failed to provide reasonable notice of a change in UIM coverage by including such a provision, the burden of persuasion to prove inadequate notice to the insured rests with the claimant, not the insurer.

NJ CURE argues that notwithstanding the general principles governing the burden of persuasion on claims for breach of an insurance contract, the Court in *Skeete* shifted the burden to the insurer. We disagree. The Court in *Skeete* never addressed the issue of persuasion on claims for breach of insurance coverage, much less shifted the burden from the claimant to the insurer.

In *Skeete,* plaintiff, a passenger in a vehicle owned and operated by Queenie Thomas, was injured when the vehicle was involved in an automobile accident with a vehicle operated by Chaisner Dorvius. *Skeete v. Dorvius,* 368 *N.J.Super.* 311, 313, 845 *A.*2d 1265 (App.Div.2004), *aff'd,* 184 *N.J.* 5, 875 *A.*2d 859 (2005). At the time of the accident, Skeete did not own his own motor vehicle, was not a named insured on any other insurance policy, nor did he reside with Thomas. *Id.* at 314, 845 *A.*2d 1265. Accordingly, Skeete held the status of an additional insured under Thomas' policy issued by Prudential. *Ibid.* After Skeete settled his personal injury claim against the tortfeasor, he made a claim for UIM coverage under the Prudential policy. *Ibid.* Prudential denied the claim, asserting that the claim was barred pursuant to the terms of its step-down provision, which had been mailed to the insured during the term of the policy, along with several hundred other pages relating to the policy. *Id.* at 314–17, 845 *A.*2d 1265.

Contrary to the present matter, Skeete instituted suit against Prudential and named Thomas, the insured, as a party defendant. Although not explicitly stated in either this court's or the Supreme Court's opinion, we are satisfied that the record contained affirma-

tive evidence that the insured had not been provided adequate notice of a change in UIM coverage from that which was provided in the prior year's policy. The record implies that either the plaintiff or the insured presented evidence concerning the insured's reasonable expectations of coverage under the policy, and the differences in coverage under the policy in effect at the time of the accident as compared to the prior year's policy. This court held "that unless specific changes in the limits of coverage are noted on the Declarations Page [mailed with the amended policy], the carrier's notice of changes in coverage is inadequate," as "the policyholder would reasonably expect that coverage shown on the Declarations Page remained the same as the previous year." *Id.* at 319–20, 845 *A.*2d 1265. In affirming, the Court held that the change in the step-down provision, contained in the endorsement, was not enforceable because "the notice of the addition of the step-down was insufficient because of its presentation as part of an essentially undifferentiated passel of two hundred documents. It is the placement of the notice[,] and not its specificity[,] that is the issue." *Skeete, supra,* 184 *N.J.* at 9, 875 *A.*2d 859.

Here, the record is devoid of any evidence that AIIC failed to properly notify its insured of a change in UIM coverage by including the step-down provision. Josephine and Walter Saelg, the policyholders, are not parties to the action. They never demanded that permissive users of their vehicles be afforded the same limits of UIM coverage as themselves or their family members, nor have they made any claim of improper notice of a change in UIM coverage. There is no evidence that Globis had any expectations with respect to insurance coverage under Saelgs' policy beyond the extent required by compulsory insurance, *Proformance Ins. Co. v. Jones,* 185 *N.J.* 406, 421, 887 *A.*2d 146 (2005), and certainly had no knowledge pertaining to changes in the Saelgs' policy.

Moreover, there is no evidence in the record that the AIIC policy in effect on the date of the accident, from which NJ CURE seeks contribution, provided for any change in the UIM coverage

from the prior year's policy. The policy at issue was effective for the period from June 1, 2000 to December 1, 2000. Prior to that, AIIC had issued policies to the Saelgs for the periods from December 1, 1999 to June 1, 2000, and from June 1, 1999 to December 1, 1999. Because there was no proof of any change in coverage in the UIM coverage in the policies, *Skeete* is not applicable. *Morrison v. American Int'l. Ins.*, 381 *N.J.Super.* 532, 542–43, 887 *A.*2d 166 (App.Div.2005).

Reversed.