NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2744-15T3

GRACIOSO BALACUIT,

 Plaintiff-Appellant,

v.

TOWER NATIONAL INSURANCE
COMPANY,

 Defendant-Respondent.
—————————————————————————————————

 Submitted April 6, 2017 – Decided May 3, 2017

 Before Judges Hoffman, O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Docket No. L-
 4535-14.

 Law Offices of Jonathan Wheeler, P.C.,
 attorneys for appellant (Jonathan Wheeler, on
 the briefs).

 Methfessel & Werbel, attorneys for respondent
 (Jacqueline Falcone, of counsel and on the
 brief).

PER CURIAM

 Plaintiff Gracioso Balacuit appeals from a January 26, 2016

Law Division order granting summary judgment to defendant Tower

National Insurance Company (Tower). At all relevant times, Tower
insured plaintiff's home in Jersey City. In December 2012, Tower

received a claim for damage to plaintiff's home, described as

"[building] structure is collapsing." Defendant assigned an

adjuster and an engineer to inspect the property.

 The engineer's report detailed settlement and cracking

throughout the home and concluded the damage resulted from a failed

sewer pipe beneath the home. Plaintiff also retained an engineer

who inspected the property and agreed the damage came from a faulty

sewer pipe. Plaintiff's expert concluded water leaking from the

pipe caused soil erosion and consolidation, which caused a movement

under the home and resulted in the damage.

 Plaintiff's dwelling policy contained a provision excluding

coverage for "earth movement," which the policy defined as "earth

sinking, rising or shifting." The policy also contained a general

exclusion, which excluded coverage for damages caused by earth

movement "regardless of any other cause or event contributing

concurrently or in any sequence to the loss."

 On February 4, 2014, Tower issued a letter "disclaiming

coverage" for plaintiff's claim, "[a]s this loss is expressly

excluded in the insured's policy." Plaintiff then commenced this

action. After discovery, Tower filed the motion under review.

Following oral argument, Judge Francis Schultz entered an order

granting Tower's motion and dismissing plaintiff's complaint, and

 2 A-2744-15T3
issued a written opinion explaining his decision. The judge

concluded, in pertinent part:

 Accepting as true the plaintiff's version of
 the events[,] it is clear that the earth
 movement exception, which in particular
 includes "any other earth movement including
 earth sinking, rising or shifting" caused by
 or resulting from "human or animal forces or
 any act of nature" clearly applied here.
 Whether the pressure on the pipe causing it
 to fail was due to "faulty or inadequate
 construction" of the building (not covered)
 or not, is irrelevant considering the anti-
 sequential clause found at the beginning of
 General Exclusions A. According to the
 plaintiff's expert[,] where the earth had
 been[,] it no longer was due to erosion caused
 by the leaking pipe. This court cannot find
 that the exclusion is unclear or ambiguous.
 It should also be noted that the policy
 includes under General Exclusions A. 3. "water
 damage" which includes at b. "water and water-
 borne material which backs up through sewers
 or drains or which overflows or is discharged
 from a sump, sump pump or related equipment;
 or c. water or water-borne material below the
 surface of the ground, including water which
 exerts pressure on or seeps or leaks through
 a building, sidewalk, driveway, foundation,
 swimming pool or other structure.["] This
 exclusion is also subject to the anti-
 sequential clause. For the foregoing reasons
 the defendant's motion for summary judgment
 is granted.

 We apply a de novo standard of review when evaluating whether

summary judgment was proper. Wilson ex rel. Manzano v. City of

Jersey City, 209 N.J. 558, 564 (2012). We first decide if there

is a genuine issue of material fact, and if none exists, whether

 3 A-2744-15T3
the moving party is entitled to judgment as a matter of law. Brill

v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995).

 Summary judgment must be granted "if the pleadings,

depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine

issue as to any material fact challenged and that the moving party

is entitled to a judgment or order as a matter of law." R. 4:46-

2(c). "[A] non-moving party cannot defeat a motion for summary

judgment merely by pointing to any fact in dispute[,]" and must

bring forth evidence creating a genuine issue as to a material

fact. Brill, supra, 142 N.J. at 529.

 As with other contracts, the terms of an insurance policy

define the rights and responsibilities of parties to it. N.J.

Citizens United Reciprocal Exch. v. Am. Int'l Ins. Co. of N.J.,

389 N.J. Super. 474, 478 (App. Div. 2006). "The interpretation

of an insurance contract is a question of law for the court to

determine, and can be resolved on summary judgment." Adron, Inc.

v. Home Ins. Co., 292 N.J. Super. 463, 473 (App. Div. 1996). The

court's standard of review regarding conclusions of law is de

novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J.

369, 385 (2010).

 "Generally, an insurance policy should be interpreted

according to its plain and ordinary meaning." Voorhees v.

 4 A-2744-15T3
Preferred Mut. Ins. Co., 128 N.J. 165, 175 (1992). If the plain

language of the policy is clear and unambiguous, then there is no

need for further inquiry, and courts often consider identical or

similar language in prior cases to determine the parties' intent.

Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231,

238 (2008). While language is "construed liberally in favor of

the insured and strictly against the insurer," courts must seek

to settle on a reasonable meaning consistent with the express

purposes and language of the policy. Sinopoli v. N. River Ins.

Co., 244 N.J. Super. 245, 250-51 (App. Div. 1990), certif. denied,

127 N.J. 325 (1991). "[A]n insurance policy is not ambiguous

merely because two conflicting interpretations have been offered

by the litigants." Simonetti v. Selective Ins. Co., 372 N.J.

Super. 421, 428 (App. Div. 2004).

 On appeal, plaintiff argues the motion court erred in granting

summary judgment, asserting Tower's policy contains "ambiguous

language" that "gives rise to a genuine issue of material fact."

We disagree and affirm substantially for the reasons set forth in

Judge Schultz's cogent and well-reasoned opinion.

 Affirmed.

 5 A-2744-15T3